Case number 20-6167 United States of America v. Jackson Noel Oral argument not to exceed 15 minutes per side Mr. Little for the defendant appellant you may proceed when ready Good morning your honors Alex Little on behalf of the appellant Jackson Noel May it please the court I have requested 7 minutes in rebuttal There are no guns in this case there are drugs but they're not the standard drugs that you might see in the cases that come to the federal system These are prescription drugs the dispensing of which is presumptively proper when there's a prescription written by a doctor issued by a prescriber These drugs are an issue in our country and right now the Department of Justice is trying to track down and stop their distribution But the way that they did it here was to bend the rules of evidence because the case against my client was incredibly weak at trial When the government normally does this and has done this for years they would submit evidence about what the doctor did to issue a prescription They would show that a doctor hadn't visited with patients that they would have their own expert show that these patients didn't actually require the prescriptions at issue That's how a normal rigorous prosecution would have happened But over time the DEA has decided to use this thing called red flags Now red flags aren't a statute there's no regulation that defines what a red flag is Red flag is just another word for circumstantial evidence But they use it and they put it in front of a jury to tell a jury well if there's this many red flags the person involved whether it's the doctor or the prescriber must know that the activities here were illicit And that's what the government tried to do here What happens when the defendant himself agrees that there's circumstantial evidence that something's afoot? I think that that goes to the question potentially as to sufficiency He did that after the government was allowed to admit thousands of prescriptions that had nothing to do with his case Okay so you focused on the 404 point to start One thing I'm not sure I'm understanding about your argument is it actually seems incredibly fair and helpful potentially to your client to show the jury his practices In other words just put in front of the jury here's all the prescriptions he got here's how he filled them here's what he did Why isn't that valuable? Because this is what's hard about this case is and I think makes me sympathetic to your client The pharmacist gets a prescription from a doctor he checks one of them to prove it's really this doctor who really did it And you would think conventionally as a pharmacist you would fill prescriptions But that's not how he acts in this case he realizes there's something goofy going on And the way he tries to handle it is by not filling them completely or charging extra charging cash And those things are very unusual from the perspective of an utterly innocent person Your honor perhaps let me sort of separate that because I think there's three questions sort of subsumed in there The first question is why not just show all the prescriptions that's got to be fair The reason is in this sort of case it shifts the burden to the defendant to prove that all of these things were proper What the government has argued in this case on page 26 of their brief is that all of those prescriptions from these other doctors Why does that change? I don't understand why that changes the burden of proof The burden of proof is still beyond reasonable doubt it's still on the government And they're just saying he says he was duped he says he's innocent look at the package here it is Why is he filling all these subscriptions where people are coming 250 miles? Good question I think that issue is one what was raised before trial is it creates 17 different trials None of those people who have anything to do with this doctor he's going to have to call 30, 40 doctors He's going to have to call 200 patients to put that evidence on So if the court says listen this is the way to try these cases and the defense is now on notice from this point forward That to do exactly what you're asking you're going to have to defend the validity of every prescription you filled in your entire practice It defeats the entire purpose of all our case law in 404B about many trials about prejudice versus probativeness Because it's highly prejudicial to get all this evidence where the government just says look this other stuff is suspicious And because this other stuff is suspicious we want you to convict him on the crimes that we've alleged over here I mean the best analogy I can draw is an art dealer who was alleged to be dealing in stolen art And the government says look there's a lot of paintings here we think are stolen but let's focus on this one At some point didn't the court say look we've gone a little far with this just focus on this conspiracy It did and I think that certainly didn't reduce the prejudice because the government was allowed to argue in closing Contrary to that that you can consider these other prescriptions as evidence of guilt here But the court also said in the colloquy with the attorneys at that point that these may be perfectly reasonable prescriptions And so the evidentiary chain for 404B evidence is stopped It terminates when the presumption, the inference that it leads to some criminal intent is broken Here there's no reason to believe based on any evidence presented that those other prescriptions were improper And because the court even concedes that they may be proper Why isn't that sorted out through sufficiency? In other words the way this works is you still as this appeal proves have a sufficiency argument And if all that other data just isn't that relevant it's not that relevant It doesn't help the government when it comes to dealing with your sufficiency argument Why isn't that a way to handle it? I think you could say that about any 404B evidence just let it go in and then we can see how it sorts out at the end of trial The reason that 404B evidence is particularly improper is because it's prejudicial And here the prejudice for example is they were allowed to introduce multiple times witnesses saying These other prescriptions came from doctors who were suspected of wrongdoing One of the doctors who wrote these other prescriptions we believe killed people And so it wasn't as if the government just took this here are the records from the practice do with it what you will They put a spin on it which was directly contrary to any evidence they had before the jury And so they piled an assumption of wrongdoing on those prescriptions And then said it's the defendant's burden to tell you why those other things were not improper All of which has nothing to do with the chain conspiracy they've actually alleged And this isn't sort of a technical point before trial Just hypothetically I mean just help me out with thinking through this Let's maybe imagine something a little more manageable A thousand prescriptions filled over two years And the government says you're acting outside of pharmaceutical norms right? It's true you had a doctor each time but you still should not have been filling them And you still shouldn't have been doing it this way I guess I'm not sure I understand why putting the thousand That's their point their point is This is a shady operation Let the jury judge it's shadiness You can put an expert on and go through the thousand and say I don't get it I'm a pharmacist I teach at this pharmacological school There's nothing abnormal about this Why isn't that an answer I don't understand You just answered it your honor because you said the defense has to put an expert on Why did you say had? I said there are a bunch of tools be careful But if they don't your honor The impression that is left with the jury is that they haven't answered it And if we've left the jury with an impression that you have to answer that Which is otherwise neutral evidence This is called a trial you put a bunch of evidence in People put on experts they put on fact witnesses And they say this is what I see this as doing The other side says no this is what I see this as doing No burden if you want you can do nothing The defense can do nothing at all Fair enough but if we're agreeing That this kind of prosecution is legit That you can be prosecuted because you acted outside of Pharmaceutical norms which I think the case law makes clear Is legit I guess I'm just not understanding Why that's not a way to do this The assumption you're making that those prescriptions were outside of Pharmaceutical norms My assumption is that for most pharmacists they'll be able to say We don't know what you're talking about This is pretty quite normal And if the pharmacist doesn't say that because he doesn't testify He chooses not to put on a case at all What is the jury left to believe about why the government Has introduced these when the government then says in closing All of these things of which we have no evidence and have to concede Might be proper are evidence of his guilt And if the only answer that I hear is You the defendant have to rebut that evidence Somehow that's not an argument That government should be allowed to present before The jury there has to be some Initial role particularly for other evidence This is 404B it's not linked to the crime They could your honor charge an entire conspiracy And say all of your prescriptions are part of criminal acts And then you're on notice and you're prepared to defend against those One of the things I was about to say Basically your theory is red flag evidence can only relate to what's charged Absolutely because it's circumstantial I mean if you were charged with a murder you call red flag evidence Those circumstances which make it more likely that you're guilty than not If there were similar circumstantial evidence in other murders We don't know if they were actually murders Maybe we don't know if the people are dead We don't know if he actually did it The government can't present to the court pre-trial evidence Beyond preponderance that he committed those murders That circumstantial evidence of other murders would not be allowed To say look there's a lot of red flags here There's been a lot of prosecutions in this area Absolutely That's kind of how you started Are there courts that have embraced this theory at the court of appeals level Absolutely the 8th circuit which we cite in our brief Is that the 1978 case It is your honor and I think one reason is because If you look at the way the government's done these cases That's why I started with the fact No and I think it's because factually the government doesn't tend to bring cases Without completing the circle Here you have four red flags But there's no witness who actually said these prescriptions were improper On the 404B evidence side One more thing You're putting your focus on this which is fine Why wouldn't one say even if you're right This is harmless given all the other evidence The only other evidence that came to actually connecting him to the chain conspiracy Because one of the things we focused on in our brief was The intent here is not to distribute to drug seeking individuals who want to abuse Because that would have been a distributor-purchaser relationship This is a conspiracy And it has to be a conspiracy where he agrees with Smithers apparent desire To illicitly prescribe and dispense these medications  There was one phone call that was introduced Not through Smithers but through my client and through Williams Talking about the fact that Smithers seemed to do things outside the norm But Williams was the only real witness who talked about that And the other so-called members of the DTO contradicted him on multiple counts So Williams' testimony was repeatedly undermined by the other members of the DTO Who said things like We lied to the pharmacist about our medical condition We did not go in at the same time We tried to hide the fact that we were traveling together Those things all undermined the chief witness Williams So there wasn't a mass of evidence that Mr. Noel Was dispensing these improperly As to his conspiracy that he's actually charged in If you look at the closing, that's what the government focuses on These other things is closing They talk about, look, there's red flags everywhere They put up a chart that shows the top ten people I'm glad you mentioned that Cash only is a term of art Cash only and cash purchases in medicine is a term of art It means private pay And here it was not very clearly talked about or discussed And people sort of referenced it off and on But this is not, and the government can talk about what they have In the discovery of this case A case where the only thing that was flowing through these Cash registers was actual cash Dr. Noel took credit cards, he took checks I call him Dr. Noel But Mr. Noel took credit cards, took checks Cash meant non-insurance It meant it was paid in the cash or cash equivalent What's the significance of saying it's cash equivalent and not cash? I'm missing that point Well, the difference is I think the nefarious idea That this would be an untraceable transaction That would just happen with cash If you trace these cases from the beginning When doctors and pharmacists would take money First it was under the table Or they'd take just cash through the back door of the clinic That had a different connotation than just I'm not going to take insurance for these transactions I thought the inference here was that these were very inflated prices And an insurance company wouldn't pay it So therefore the person filling the prescription Pays it himself Whether they use a credit card or cash I guess I didn't understand any significance to that There is a separate significance about the fact that it's a higher price And there was testimony about the pricing and why the pricing was what it was He was asked about that And Cross, he explained his rationale for charging more for those And it had to do with the limited number of pills That he was allowed to dispense essentially And are you saying that If you have Like Say eight patients And they come at certain times Sometimes together And they get a significant number of pills And the defendant takes the position I'm just a pharmacist I fill prescriptions That it's not proper To introduce evidence that It's not just these eight patients And the patients come from far away And in fact there's All of these other patients Who are also paying cash And coming with some frequency I think that is the core of what 404B is intended to govern The question of what circumstances Evidence of non-charged conduct is allowed to come in And here It has to go to intent It has to go to intent or motive or some other issue And when the government says And they just do seriatim Here are the things that the 404B is there And they just kind of list everything But they don't give you any description Of what intent is actually being discussed The intent to do what They don't demonstrate The intent to do something outside The bounds of normal pharmacy practice And I would agree with you If we knew anything about the prescriptions at issue Were actually outside the bounds of medical practice For example, I come from Nashville Vanderbilt is a very large hospital All of the red flags that are listed in the government's brief Would apply to the pharmacy at the hospital They have a lot of out-of-state patients They have a very high number of prescriptions They have a lot of out-of-state prescribers from different states Vanderbilt University Hospital is a good analogy To Buffalo Drugstore We treat it differently because there is someone Who can testify about what is happening in the hospital There is nothing in this record that tells us what is happening In the other doctor's offices who are prescribing These so-called red flag prescriptions That give us any reason to believe one way or another That they are not like Vanderbilt Hospital It's not a question of what happens at Buffalo Drug It's a question of what happens at the doctor's office And so what we say is, gosh, this is a red flag I love your conviction, but it tends to lead to overstatement It isn't just what happens in the doctor's office That's just putting the light on this doctor That was part of the conspiracy It's relevant how far they come That's relevant, that's unusual It's relevant that you're charging more It's relevant that you call the doctor and say, are you sure? It's relevant that you decide, this is shaky Or this is a little odd looking I won't fill the whole prescription as my way of dealing with it I'll decide the norms Those are really relevant and that's problematic And your honor, I guess it would be problematic If there was anything in the record to show That the government had ever proven that those red flags Constituted and came from an improper prescriber That's the piece of the chain And that Williams? As to Smithers it is, and it's very brief as to Smithers But the whole universe of everything else, there's nothing here And to go to your question about why aren't there other cases out here It's because in every case where the government does this They put on a doctor or an expert to say, I've looked at these other prescriptions Even for 404B evidence, and they're improper Because if you skip that step You could be using perfectly legitimate prescriptions To build inferences Not every case requires an expert I agree, it would have been nice to have one here And I take it you agree that had they had an expert They could have looked at all of this And they could have decided, here's my assessment of it Even though it had the same problems this other evidence had From your perspective under 404 Because it would have gone to Judge White's question Well, isn't that relevant? It's only relevant if the underlying conduct is actually improper And here red flags are circumstantial evidence of improper activity But it's not sufficient to lay an evidentiary foundation That the underlying conduct was... Was it the 404 stage when you all were debating this? I wasn't, unfortunately. I was not trial counsel. Well, whoever was the motion in the minis stage, was that part of the argument? Yes. Just to make sure you're answering the question I'm asking Did the defense counsel say to the judge and the government Listen, it's just not fair to put all this stuff in And the only way it would be fair is if you agree to get an expert So we want you to get an expert first Because that's a funny argument for defense counsel To ask for more evidence that hurts them It's in our opening brief and there's a whole colloquy on this point And he talks about in the context... So the answer is yes? Yes. And I think then you go to a question of notice Because, you know, you've pointed out there are ways they could have responded to this And the question is if the judge has ruled Listen, I'm going to make you focus government on this one conspiracy You can't focus on... Has anyone made this point in 404 when you do... We'll take it outside the judge, the oxycontin, that problem Take it outside that. Anyone said Hey, when you're using 404 and it's a lot of stuff And it's not clear whether it's actually bad stuff, good stuff It's just a lot Juries can't handle it without an expert. Has the court said that? I don't think there's... The reason the analogy doesn't work And there aren't cases like that is because the other conduct There's evidence demonstrating that it's improper Or the government won't go to the effort of introducing it The reason the government wants to introduce this is because they've said And even I think this court in the panel's opinion on Bond said Well, this is clearly evidence of drug trafficking activity When there's no factual foundation That it is evidence of drug trafficking activity in this record All right, you'll get your full rebuttal And let's hear from the government May it please the court, Lauren Tanner Bradley for the United States I guess I'd like to start off with kind of correcting the record This was not a Rule 404B case I think that's a misrepresentation of the facts That were presented at trial This was very much a case where this evidence of other prescriptions Was a part of a much larger case 12 out of 17 of the witnesses that the government called Didn't even reference this evidence The majority of the first day of trial Was all of the cooperating conspirators And so I think that that's really Not really putting the record in context Now, I will address some of the court's specific questions You asked if there were other cases There are other cases This evidence is routinely admitted in these kinds of pill mill cases Does it usually come with an expert? I mean, in other words I get the instinct that the way to show red flags Or someone's acting outside the norms Is to just throw it all in And let people go through it and figure out what it shows I guess it is kind of hard to imagine doing that without an expert, though Well, this court held in United States v. Elliott That you don't need an expert When a lay understanding of the evidence That you can use that lay understanding To find that there was drug trafficking And that case was providing no expert testimony necessary Just to prove beyond a reasonable doubt That the crime was committed And that's, I believe, either a doctor or a pharmacy case I'm sorry that I don't recall that right now And in this case, you have that same lay understanding That allows you to reasonably conclude That these other prescriptions that were being filled by Noel Bore all of these hallmarks of illegitimacy Like the court already talked about All these red flags It does not take an expert to understand That patients traveling five hours to a doctor Four hours to a pharmacy And then back home for another two hours That paying large prices for large prescription drugs That... I'm trying to just take it back to his main argument So I guess what I think he would say Was it 192 prescriptions that were part of the drug? Yes So everything you just said works fine with those 192 And why in the world not just use the 192 By throwing all this other stuff in And then having general testimony Well, these doctors were under investigation by the DEA It does sound risky And I'm struggling with why it was needed And what was the point? Well, the point was that Exactly what the argument is today Is that, well, it was just 192 prescriptions Out of however many prescriptions I filled Over the course of the conspiracy And this was just a one-off Noel, I think, testifies, oh, he fooled me Brandon Goins fooled me And so it is specifically to rebut that defense That this was not a one-off situation This was not a couple of patients that happened to fool Noel Noel was doing this on a regular basis That this evidence shows that he was regularly ignoring these red flags Help me capture how the evidence was put forward Was it evidence where you had, oh, there's a thousand other prescriptions Where people had to travel at least 200 miles Was it put that way? Or how would the jury have perceived it? So the way this evidence was used at trials It was introduced as an exhibit, Exhibit 11 And then later on a DEA analyst testified at trial About how all of the data was taken from these prescriptions Aggregated and then sorted into various subsets And so one of the ways that that was sorted Was that they did a list of various prescribers And how many prescriptions were attributed to each prescriber Joel Smithers was third on that list Of a total of 442 prescriptions And then another way that it was done Was it was used to show the distances traveled You had asked about that, Judge White And they actually presented a map to show How far all of these patients were traveling To actually get to Buffalo Drug The DEA witness was not made an expert Didn't qualify that way? Folks just chose not to go down that road? Well, I think that his primary purpose was simply to show How this information was actually collected and analyzed And not necessarily, he was certainly not testifying With respect to red flags There was plenty of evidence put on at trial About the red flags and what you might find in these cases And then that evidence with respect to red flags We had two different pharmacists testified about the red flags Various investigators testified about the red flags That you see in these kinds of cases And then you actually have patient testimony These individuals from the Williams DTO Who come in and actually corroborate those red flags Essentially they were traveling to go see a doctor That didn't really perform any kind of examination This is Dr. Smithers And then traveling to purchase these prescriptions For very large prices, large quantities of opiates And then actually selling them You know, selling their prescriptions Or giving at least half of their prescription to Daryl Williams Why charge only 192, just out of curiosity? In other words, you said you needed to put this other evidence in To deal with the defense Oh, I just got duped, just made a few mistakes I guess I'm just trying to figure out Well, that actually has to do with just sort of how the narrative of this case worked And how this case actually progressed So the way that this case came to light Was partially that Williams became a cooperating co-conspirator And so Williams actually provides information to DEA And DEA says, well, I've been getting my oxycodone From Dr. Smithers in Virginia And this is how the operation functioned And so then the DEA took that information And then worked backwards to investigate the case And they looked at Smithers' prescribing habits They looked at Buffalo drugs, actual dispensation practices Just hypothetically, I'm taking it 192 is not all of the Smithers' prescriptions No, no Why not do all of the Smithers' prescriptions during the period Well, and I'm not even sure that that I don't understand where both sides are coming from I can't quite figure out I understand that, and I think that it's not necessarily You know, what we charged was a conspiracy A conspiracy between Smithers and Noel and these other Here's my common sense question If you think 192 is too small to show agreement knowledge Why deal with that problem by putting in 404 evidence Why not just charge every one of the Smithers' prescriptions Smithers is part of the conspiracy You think it was this time frame It kind of solves the problem And I don't understand why that wasn't done Maybe I just don't understand how these cases are prosecuted Well, and I don't necessarily know why the prosecutor Specifically chose in this case to do it this way There's a lot of discretion with respect to how you charge a defendant And this was Someone would say you were overcharging if you did 1,000 Would that be the pushback I suppose that's certainly possible Maybe it's about actually having a more A shorter trial There's a lot of things that might go into that determination But in this case, that was used as a part of Noel's defense And the government certainly has the ability to then Rebut that defense Showing that there is a lot of evidence that this was going on more regularly And I do Isn't part of the problem with your explanation, though When you said that this really wasn't about these other prescriptions It was about the 192 And you're rebutting this defense The problem is you put it in indirect evidence There hasn't been any defense At the time you put all this evidence in If you came back and put this in during rebuttal To whatever the defendant's defense was, I get that Well, I think that during all the cross-examination It's clear that the defense that is actually coming out And I think this was discussed in the pre-trial conferences So you're rebutting the inference from cross-examination questions, basically Yes I do want to point the court to a couple of cases Because These are routinely admitted And there are cases from outside of the circuit Relatively more recent cases There's Laig out of the 9th circuit That's a 2020 case That site is 971 F3 1031 That's a case where 458 patients With uncharged prescriptions were admitted And helped create the reasonable inference That these prescriptions were issued without a legitimate medical purpose That's something that the government does have to prove in this case There's also United States v. Merrill That's, I believe, an 11th circuit case That's 513 F3 1293 That was 33,000 prescriptions that were admitted in that case To show plan, design, scheme And then actually a 5th circuit case, Brown 553 F3 768 And in that case, the court said The critical issue at trial was whether the defendant filled prescriptions Knowing they were illegitimate And the defendant's experience in filling piles of similar false prescriptions From a different doctor would speak directly to that issue So I think that this is really Something that is routinely admitted in these cases And held admissible And so you have to go back to this question of The district court has broad discretion in introducing this evidence And admitting this evidence And the court acted well within its discretion here To admit this evidence If there are no further questions From the bench I'll rest on my brace Thank you I see you reserved Six minutes of rebuttal That's a lot So we'll see if we need all of it But go ahead But your honor The government's description of the other cases explains the problem What she said about those cases And she quoted I think the 5th circuit case That says those other cases helped show That he had filled other similar false prescriptions We don't have any evidence here That the other prescriptions were false And all the cases you're going to see That the government cited to Has a foundational link Different than this case That those other prescriptions were false And so the inference makes sense Well you said here he duped me The government's response to that was Well we need to present this evidence To show that he wasn't just duped by this doctor What do you do when they're saying The red flag here is the distance And you don't have a distance problem just with the 192 It turns out if you look at all this stuff He's doing a lot of long distance prescription filling So that doesn't prove a single one of those is illegal That's consistent with what you just said But I don't know, how else do you do red flag cases? It doesn't explain anything So you think it should be denied on irrelevance Or denied on prejudice grounds? Is it irrelevant? It could be if the record presents it I don't think it's relevant here There's no proof that it was illegal It's just proof that this guy is unusual He seems like 90% of his customers I'm just making this stuff up I'm just trying to see what your theory is 90% of this pharmacist's customers Come from over 100 miles away They're not allowed to put that in? I don't think to prove that 2% of those customers That it somehow tells the jury That he has some intent to do something improper Why not? It's a very strange test You'd think a pharmacist could say As long as the doctor, this is valid, I can do what I want You could see that being the world That's not the state of the law If they act outside professional norms They can get into trouble here And I would say it is outside professional norms There's no other good explanation For that high percentage coming from that far away But I guess that's the problem Red flags are not demonstrative of misconduct They're suggestive Maybe Vanderbilt was a bad example But say there's the world's best pain doctor Who happens to be in Colorado And he sends patients to a 6 state radius A lay person would know that traveling distance Is sufficiently suspicious to convict my client But a lay person wouldn't know That Dr. So-and-so is the best pain doctor around And he may have patients who have very high needs They have super high doses And so if a pharmacist fills that prescription in Colorado Can the government tell a jury that it can assume Without putting any evidence on about that doctor That those are improper prescriptions? I come back to Williams in this case And isn't another legitimate way of looking at this That all of this evidence that you're complaining about Was basically also offered to corroborate Williams Who's the one that talked about the conspiracy? No, because the only evidence that Williams has Which is damaging in that sense That's different than just the records Is stuff he testified about his personal knowledge Of how Dr. Smithers operated Williams has no knowledge about how any of the other doctors Who are uncharged or not part of the charge conspiracy operate We know nothing. It's a black box And what makes this case distinct is the court acknowledged That those may be perfectly reasonable prescriptions I don't think you can find a single case And I urge the court to find it I think you've answered this before It just wasn't registering, so I just want to try it again So you put on evidence Let's just say the only way they used this evidence Just hypothetically was just a distance point And this is not what's normal They have a bunch of people say that's not how this works That's a classic red flag It doesn't prove every one of these is bad But that's why they use it And you think it's unfair to require the defense To look at those and say Well, this one, that's crazy That's the pain doctor from Colorado That's crazy And we're not going to go through all 1,000 That would be crazy We'll do a sample of 10% And you show out of that 10% There's really good explanations I'm not sure I understand why that isn't the point of a trial When the trial is about pharmaceutical norms That's not registering with me I think if you take it to a context of a different crime It would be classically barred Because it would be irrelevant in those cases Or it would be seen as too prejudicial But you agreed that it's relevant I think it may be too prejudicial So the case where it's unusual for someone to come to your door five times at night And we want to prove that you're a drug dealer We've got some drugs at your house that you're saying are for personal use I just don't understand why, just this case Just think about this case Why is it so unfair to say to Noel's lawyer Just look at this and figure out if there's some reasons Either his theory is 100 miles is the way this works If you're a rural pharmacy Why are you surprised about 100 mile trips, theory one Theory two, so that's a global theory Theory two, we've actually looked at a sample of them It turns out, you start looking beneath the surface There's some pretty good explanations for these long distances I just don't understand why that's not the point of a trial Your Honor, the government cannot prove that they're improper To then require the government To then require the defense to prove the alternative Is burden shifting, and that would be improper under the Fifth Amendment That's, I think, my answer to that set of questions Because if they can complete the chain, and you're hypothetical And the government can say, look, we can show you these are bad for these six reasons And the defense says, no, they're not bad And I can use sampling and other things to show you why they're not bad But if the government presents nothing to demonstrate That those other prescriptions are bad In fact, if they go back and do the research, they may be proper prescriptions I'm sorry, what about the red flags? Again, the red flags are not It's only a piece of evidence, it's certainly not demonstrative Those may all be fine If the government just says, we can introduce prescriptions In any drug case like this, where somebody's traveled a long distance Because we have a DEA agent who says that's indicative of criminal activity It completely explodes 404B into Essentially the government's desire to get Things that it likes before the jury Without any analysis about the prejudice or probative nature And without any requirement that it actually be indicative of criminal activity You don't here have any proven criminal activity Indicative, you use that word I think that was the right word, as opposed to proof Indicative, you do have evidence Because they said, this is a classic red flag To be coming from long distances So lots of long distance prescriptions Looks like lots of red flags, unless there's another explanation Except, Your Honor, what the government There's no case that says that these red flags individually Can be used by themselves And the cases the government talks about shows that they have to be bundled And that's important, because we're taking them now apart And we're saying, well this is enough, and it's indicative And so I can present, without knowing if the doctor actually wrote bad prescriptions I can just tell the jury, look, you should believe that all these are improper Without ever actually bundling enough facts To make it, say, more likely than not I mean, maybe that's the standard, that's a 404B admissibility standard And you think the line in closing argument It would have been okay to say about this, that these are red flags That's okay, but what they couldn't say Is this is indicative of more criminal activity Or do you think you can't say either? Well, Your Honor, I don't think you can say either Because it has irrelevance But I guess the critical point again Is without, so maybe we go back the easiest way Is the standard here is probative It's more likely than not that this evidence is there And to get to your point, Judge White About why that shouldn't be enough by itself If the government could say, and this Court can say That the mere documents themselves Demonstrate criminal activity enough for it to be admissible Then I can see how it might suffice Thank you very much Thank you for answering our questions Thank you for coming up to Cincinnati